1 DONALD B. MARKS (S.B.N. 43538)
  MARKS & BROOKLIER, LLP
2 10100 Santa Monica Blvd.
  Suite 300
3 Los Angeles, CA 90067
  Telephone: 310/772-2287
4 Facsimile: 310/772-2286

5 Attorney for Defendant
  MOSHE MALUL

6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

| | |
|---|---|
| 11 UNITED STATES OF AMERICA, | No. CR 08-1033-CAS |
| 12       Plaintiff, | NOTICE OF MOTION AND MOTION FOR AN ORDER THAT PERMITS |
| 13 vs. | ALL DISCOVERY PROVIDED BY THE GOVERNMENT TO BE |
| 14 MOSHE MALUL, et al. | TRANSFERRED, DISSEMINATED OR SENT OUTSIDE THE UNITED |
| 15       Defendants. | STATES; DECLARATION OF DONALD B. MARKS |
| 16 | |
| 17 | Date: June 13, 2011<br>Time: 1:30 p.m.<br>Place: Courtroom of |
| 18 | Hon. Christina A. Snyder |

19

20       TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF

21 AND ITS ATTORNEY, J. MARK CHILDS:

22       PLEASE TAKE NOTICE that on June 13, 2011, at the hour of 1:30 p.m., or as

23 soon thereafter as counsel may be heard in the Courtroom of the Honorable Christina A.

24 Snyder, United States District Judge, defendant Moshe Malul will move this Court for

25 order authorizing counsel for defendant Moshe Malul to transfer disseminate or send the

26 discovery or copies thereof (including, but not limited to, paper or electronic copies of the

27 discovery) outside the United States, to defendant Malul's attorney in Israel, Yaniv

28 Segev.

1     This motion is based upon the Notice of Motion, the stipulation re: Order for
2 Protective Order; the Declaration of Donald B. Marks in support thereof; all records and
3 pleadings filed in this case and any such other evidence or argument which may be
4 presented at a hearing on this Motion.

6 DATED: __5/11__, 2011

7                                    Respectfully submitted,

8                                    MARKS & BROOKLIER, LLP

10              By: _____
11                            DONALD B. MARKS
                              Attorney for Defendant
12                            MOSHE MALUL

## DECLARATION OF DONALD B. MARKS

I, DONALD B. MARKS, declare as follows:

1. I am an attorney at law duly licensed to practice law in the State of California and am a partner of the law firm of Marks & Brooklier, attorneys of record for defendant MOSHE MALUL in the above-captioned action. The following facts are within my personal knowledge, and if called upon as a witness, I could and would competently testify to the truth of the matters asserted herein.

2. On or about January 24, 2011, I executed the Stipulation Re: Order for Protective Order Limiting Disclosure of Witness Information ("Stipulation"). Copies of the Stipulation and Order are attached hereto as Exhibits "A" and "B" respectively and by reference made a part hereof. Paragraph 9 of the Stipulation requires defense counsel to obtain a written order from this Court specifically authorizing counsel to transfer, disseminate or send any of the discovery provided herein outside the United States.

3. I have previously given oral notice to the government of my intention to seek permission from this Court under the procedures set forth in para. 9 of the Stipulation. In our telephone conversation AUSA Mark Childs indicated that the government waived any requirement of written notice under the terms of the Stipulation.

4. Defendant Malul's defense counsel in Israel, Yaniv Segev, has represented the defendant throughout the extradition hearings in Israel (over a span of several years) and has substantial knowledge of the instant case and the allegations set forth in the Indictment. It is critical for the preparation of the defense in this case that Mr. Segev have access to the discovery during the pre-trial preparation stage.

5. Based on the foregoing, counsel for defendant Malul is requesting that he be authorized to transfer paper and/or electronic copies of the discovery to the defendant's attorney in Israel, Yaniv Segev.

///
///

1     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

    Executed on this 11th day of May, 2011 at Los Angeles, California.

                                       DONALD B. MARKS

# EXHIBIT "A"

ANDRÈ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
J. MARK CHILDS (California Bar No.: 162684)
Assistant United States Attorney
Organized Crime Drug Enforcement
Task Force Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-2433
     Facsimile:  (213) 894-0142
     Email: mark.childs@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 08-1033-CAS |
|---|---|---|
| Plaintiff, | ) | |
| | ) | STIPULATION RE: [PROPOSED] ORDER FOR PROTECTIVE ORDER LIMITING DISCLOSURE OF WITNESS INFORMATION |
| v. | ) | |
| ITZHAK ABERGIL, et al., | ) | |
| Defendants. | ) | |

As evidence by the signatures of the counsel of record for plaintiff, the United States Attorney for the Central District of California, and defendants ITZHAK ABERGIL, MEIR ABERGIL, SASSON BARASHY, MOSHE MALUL and ISRAEL OZIFA (collectively, "defendants"), the parties hereby stipulate and agree as follows:

    1.  In order to avoid the unauthorized dissemination of (1) material revealing the name and other identifying information of certain confidential informants ("Confidential Informants") in this case, and (2) material that reveal privacy and sensitive information of witnesses, potential witnesses and third parties,

1

namely, social security numbers, passport numbers, dates of birth, home addresses, financial account numbers, and phone numbers (collectively, "Sensitive Information"), the government will redact the names of Confidential Informants and Sensitive Information, other identifying information, and non-case related information from documents within the written and electronic discovery that the government will provide or has provided to defense counsel in this case of U.S. v. Itzhak Abergil et al., CR No. 08-1033-CAS (referred to herein collectively as "Discovery"). The Discovery will be marked with bates stamp numbers and will be provided with a cover letter indicating that the Discovery is for the Abergil case. The Discovery that is subject to the protective order includes, but is not limited to, any written documentation, electronic data and audio recordings. The protective order for the Discovery covers and includes any documentation or audio recordings provided to the defense team, defined below, before or after the execution of the protective order.

2. For purposes of this stipulation, the term "Defense Team" refers to each defendant and their respective counsel of record. "Defense Team" refers to each attorney in the Federal Public Defender's Service specifically assigned to work on this case, including Samuel Josephs, Stephen Demik and David Sutton. Also, the term "Defense Team" includes any defense investigators, employees, experts or translators hired by the counsel of record for each defendant who are assisting a defendant's counsel with this case and who have provided the government with a letter or e-mail indicating that they have read this order and agree to be bound by its terms. "Defense team" includes any subsequent

counsel of record, should current counsel of record be relieved from this case or should another defendant's counsel be added to the Court's docket.

3. Counsel for each defendant represents that he or she has discussed this stipulation and [proposed] protective order with defendant and defendant agrees to be bound by this stipulation and the protective order, if executed by the Court.

4. The defense team will not provide Discovery or copies thereof (including, but not limited to, paper or electronic copies of the Discovery) to anyone other than the Defense Team, except as permitted below, without first notifying the government in writing of defense counsel's intention to do so and obtaining permission in advance from the Court by noticed motion.

5. This stipulation does not prohibit the Defense Team from (a) discussing the contents of the Discovery with a witness or potential witness in this case ("Witness") or (b) showing a copy of the Discovery to a Witness in this case.

6. The Defense Team will not provide Discovery or copies thereof (including, but not limited to, paper or electronic copies of the Discovery) to anyone other than the Defense Team, except as permitted below, without first notifying the government of defense counsel's or a member of the Defense Team's intention to do so and obtaining permission in advance from the Court by noticed motion.

7. The Defense Team shall return the Discovery (including, but not limited to, paper or electronic copies), immediately upon the expiration of the time for their respective defendant's last available direct appeal from sentencing, plea or verdict. Direct appeals do not include post-conviction collateral attack on the

1 conviction or sentence, such as a motion under 18 U.S.C. § 2255.
2     8.   The government maintains that the sought protective
3 order is necessary in order to protect the privacy and security of
4 witnesses and third-parties.  See Foltz v. State Farm Mutual
5 Automobile Insurance Company, 331 F.3d 1122, 1137 (9th Cir. 2003)
6 (Holding third party privacy information can be protected by
7 "[s]imply redacting the identifying information of third parties
8 (e.g., their names, addresses, telephone numbers, and social
9 security numbers from the[ir] records and disclosing the remaining
10 information)"); In re Crawford, 194 F.3d 954, 958 (9th Cir.1999)
11 (holding that public disclosure of Social Security numbers may
12 implicate the constitutional right to informational privacy out of
13 fear of identity theft); Keith H. V. Long Beach Unified School
14 District, 228 F.R.D. at 659 (Holding requested protective order
15 for "financial information" reasonable because "financial
16 information is usually private . . ."). Also, the government
17 maintains that this procedure is necessary in order to protect the
18 safety of the confidential informants. See Hernandez, 608 F.2d
19 741, 745 (9th Cir. 1979).
20     9.   The parties agree that the Defense Team shall not
21 transfer, disseminate or send any of the Discovery outside of the
22 United States, except after complying with the procedures below.
23 The parties agree that the discovery or copies thereof (including,
24 but not limited to, paper or electronic copies of the Discovery)
25 will not be transferred, disseminated or sent outside the United
26 States by the Defense Team without the respective defendant's
27 counsel of record (1) providing the government with ten days
28 written advance notice of the Defense Team's intention to send any

1  Discovery outside the United States and (2) obtaining a written
2  order from the Court (based a regularly notice motion) that
3  specifically authorizes the Defense Team to transfer, disseminate
4  or send any of the Discovery outside the United States.
5     IT IS SO STIPULATED.    Respectfully submitted,

6  DATE: January 14, 2011
7                              _____
                               VICTOR SHERMAN
8                              Attorney for ITZHAK ABERGIL

9
10 DATE: January__, 2011
                                _____
11                              ANTHONY P. BROOKLIER
                                Attorney for MEIR ABERGIL

12 DATE: January__, 2011
                                _____
13                              SAMUEL JOSEPHS/DAVID SUTTON
                                Deputy Federal Public Defenders
14                              Attorney for SASSON BARASHY

15
16 DATE: January__, 2011
                                _____
                                DONALD B. MARKS
17                              Attorney for MOSHE MALUL

18 DATE: January__, 2011
                                _____
19                              JAMES R. TEDFORD
                                Attorney for ISRAEL OZIFA

20
21 DATED: January 25, 2011      ANDRÈ BIROTTE JR.
                                United States Attorney
22
23                              _____
                                J. MARK CHILDS
24                              Assistant United States Attorney

25
26
27
28

                                5

Case 2:08-cr-01033-CAS   Document 57   Filed 01/25/11   Page 6 of 8   Page ID #:216

1  Discovery outside the United States <u>and</u> (2) obtaining a written
2  order from the Court (based a regularly notice motion) that
3  specifically authorizes the Defense Team to transfer, disseminate
4  or send any of the Discovery outside the United States.
5      IT IS SO STIPULATED.    Respectfully submitted,

6
7  DATE: January__ , 2011    _____
                             VICTOR SHERMAN
8                            Attorney for ITZHAK ABERGIL

9
10 DATE: January 24, 2011    _____
                             ANTHONY P. BROOKLIER
11                           Attorney for MEIR ABERGIL

12 DATE: January__ , 2011    _____
13                           SAMUEL JOSEPHS/DAVID SUTTON
                             Deputy Federal Public Defenders
14                           Attorney for SASSON BARASHY

15
16 DATE: January 24, 2011    _____
                             DONALD B. MARKS
17                           Attorney for MOSHE MALUL

18 DATE: January__ , 2011    _____
19                           JAMES R. TEDFORD
                             Attorney for ISRAEL OZIFA
20

21 DATED: January __, 2011   _____
22                           ANDRÈ BIROTTE JR.
                             United States Attorney
23                           _____
                             J. MARK CHILDS
24                           Assistant United States Attorney
25
26
27
28

Discovery outside the United States and (2) obtaining a written order from the Court (based a regularly notice motion) that specifically authorizes the Defense Team to transfer, disseminate or send any of the Discovery outside the United States.

IT IS SO STIPULATED.   Respectfully submitted,

DATE: January__ , 2011

_____
VICTOR SHERMAN
Attorney for ITZHAK ABERGIL

DATE: January__ , 2011

_____
ANTHONY P. BROOKLIER
Attorney for MEIR ABERGIL

DATE: January 21 , 2011

_____
SAMUEL JOSEPHS/DAVID SUTTON
Deputy Federal Public Defenders
Attorney for SASSON BARASHY

DATE: January__ , 2011

_____
DONALD B. MARKS
Attorney for MOSHE MALUL

DATE: January__ , 2011

_____
JAMES R. TEDFORD
Attorney for ISRAEL OZIFA

DATED: January 24, 2011

ANDRÈ BIROTTE JR.
United States Attorney

_____
J. MARK CHILDS
Assistant United States Attorney

5

Discovery outside the United States <u>and</u> (2) obtaining a written order from the Court (based a regularly notice motion) that specifically authorizes the Defense Team to transfer, disseminate or send any of the Discovery outside the United States.

IT IS SO STIPULATED.    Respectfully submitted,

DATE: January__ , 2011

_____
VICTOR SHERMAN
Attorney for ITZHAK ABERGIL

DATE: January__ , 2011

_____
ANTHONY P. BROOKLIER
Attorney for MEIR ABERGIL

DATE: January__ , 2011

_____
SAMUEL JOSEPHS/DAVID SUTTON
Deputy Federal Public Defenders
Attorney for SASSON BARASHY

DATE: January__ , 2011

_____
DONALD B. MARKS
Attorney for MOSHE MALUL

DATE: January 21, 2011

_____
JAMES R. TEDFORD
Attorney for ISRAEL OZIFA

DATED: January 2_, 2011

ANDRÉ BIROTTE JR.
United States Attorney

_____
J. MARK CHILDS
Assistant United States Attorney

5

# EXHIBIT "B"

```
 1  ANDRÈ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    J. MARK CHILDS (California Bar No.: 162684)
 4  Assistant United States Attorney
    Organized Crime Drug Enforcement
 5  Task Force Section
         1400 United States Courthouse
 6       312 North Spring Street
         Los Angeles, California 90012
 7       Telephone:  (213) 894-2433
         Facsimile:  (213) 894-0142
 8       Email: mark.childs@usdoj.gov

 9  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
10
```

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 08-1033-CAS |
|---|---|---|
| Plaintiff, | ) | [PROPOSED] ORDER RE: PROTECTIVE ORDER LIMITING DISCLOSURE OF WITNESS INFORMATION |
| v. | ) | |
| ITZHAK ABERGIL, et al., | ) | |
| Defendants. | ) | |

   Having considered the stipulation between the United States Attorney for the Central District of California and defendants ITZHAK ABERGIL, MEIR ABERGIL, SASSON BARASHY, MOSHE MALUL and ISRAEL OZIFA (collectively, "defendants"), and the files and records in this case, IT IS HEREBY ORDERED, as follows:

   1.  In order to avoid the unauthorized dissemination of (1) material revealing the name and other identifying information of certain confidential informants ("Confidential Informants") in this case, and (2) material that reveal privacy and sensitive information of witnesses, potential witnesses and third parties,

1  namely, social security numbers, passport numbers, dates of birth,
2  home addresses, financial account numbers, and phone numbers
3  (collectively, "Sensitive Information"), the government will
4  redact the names of Confidential Informants and Sensitive
5  Information, other identifying information, and non-case related
6  information from documents within the written and electronic
7  discovery provided to defense counsel in this case of <u>U.S. v.
8  Itzhak Abergil et al.</u>, CR No. 08-1033-CAS (referred to herein
9  collectively as "Discovery").

10      2.   The Discovery that is subject to this protective order
11  will be marked with bates stamp numbers and will be provided with
12  a cover letter or e-mail indicating that the Discovery is for the
13  <u>Abergil</u> case. This Discovery includes, but is not limited to, any
14  written documentation, electronic data and audio recordings. This
15  protective order applies to any documentation, electronic data or
16  audio recordings provided to the defense team, defined below,
17  before or after the execution of the protective order.

18      3.   For purposes of this Order, the term "defense team"
19  refers to each defendant and each defendant's counsel of record.
20  Also, the term "defense team" includes any defense investigators,
21  employees, experts or translators hired by each defendant's
22  counsel of record who are assisting each defendant's counsel with
23  this case <u>and</u> who have provided the government with a letter or e-
24  mail indicating that they have read this order and agree to be
25  bound by its terms. "Defense team" includes any subsequent
26  counsel of record, should current counsel of record be relieved

1  from this case or should another defendant's counsel be added to
2  the Court's docket.
3       4.   Defendant's counsel represents that he or she has
4  discussed this protective order with defendant and defendant
5  agrees to be bound by this protective order.  Each defense counsel
6  is required to provide a copy of this executed order to their
7  client in this case and have this order translated (verbally or in
8  writing) from English to Hebrew to their client because each of
9  the defendants require a Hebrew interpreter to translate written
10 English.
11      5.   The defense team will not provide Discovery or copies
12 thereof (including, but not limited to, paper or electronic copies
13 of the Discovery) to anyone other than the defense team, except as
14 permitted below, without first notifying the government of defense
15 counsel's or a member of the defense team's intention to do so and
16 obtaining permission in advance from the Court.
17      6.   This Order does not prohibit the Defense team from (a)
18 discussing the contents of the Discovery with a witness or
19 potential witness ("Witness") in this case or (b) showing a copy
20 of the Discovery to a Witness in this case.
21      7.   Although the defense team is permitted to show a Witness
22 the Discovery or a copy thereof, the defense team is prohibited
23 from allowing a Witness or anyone other than a member of the
24 Defense team to maintain possession of the Discovery outside the
25 presence of the defense team, without prior Court authorization.
26 The defense team shall not permit anyone but the defense team to
27 keep physical possession of the Discovery provided pursuant to
28 this stipulation.

8. The defense team shall return the Discovery (including, but not limited to, paper or electronic copies), immediately upon the expiration of the time for defendant's last available direct appeal from sentencing, plea or verdict. Direct appeals do not include post-conviction collateral attack on the conviction or sentence, such as a motion under 18 U.S.C. § 2255.

9. The parties agree it is necessary in order to protect the privacy and security of all parties, including third-parties and defendant. See Foltz v. State Farm Mutual Automobile Insurance Company, 331 F.3d 1122, 1137 (9th Cir. 2003) (Holding third party privacy information can be protected by "[s]imply redacting the identifying information of third parties (e.g., their names, addresses, telephone numbers, and social security numbers from the[ir] records and disclosing the remaining information)"); In re Crawford, 194 F.3d 954, 958 (9th Cir.1999) (holding that public disclosure of Social Security numbers may implicate the constitutional right to informational privacy out of fear of identity theft); Keith H. V. Long Beach Unified School District, 228 F.R.D. at 659 (Holding requested protective order for "financial information" reasonable because "financial information is usually private . . ."). Also, this procedure is necessary in order to protect the safety of the confidential informants. See Hernandez, 608 F.2d 741, 745 (9th Cir. 1979).

10. This Order prohibits the Defense Team from transferring, disseminating or sending any of the Discovery outside of the United States. None of the discovery or copies thereof (including, but not limited to paper or electronic copies of the Discovery) is to be transferred, disseminated or sent outside the

1 | United States without the Defense Team (1) providing the
2 | government with ten days written advance notice of their intention
3 | to send any Discovery outside the United States and (2) obtaining
4 | a written order from this Court (based on regular noticed motion)
5 | that specifically authorizes the Defense Team to transfer,
6 | disseminate or send any of the Discovery outside of the United
7 | States.

10 | DATED: January 27, 2011        *Christina A. Snyder*
                                     HONORABLE CHRISTINA A. SYNDER
11 |                                United States District Court